UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 03-54-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PAUL DEAN GIBSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Paul Dean Gibson's Motion to Order Relief from Judgment. [Record No. 81] Because Gibson is not entitled to relief under Rule 60 of the Federal Rules of Civil Procedure, and because he has procedurally defaulted any challenge to his classification as a career offender even if he were allowed to assert a habeas claim under 28 U.S.C. § 2255, his motion will be denied.

**I.**

Defendant Gibson entered a guilty plea to a count charging him with a conspiracy to possess with the intent to distribute certain controlled substances in violation of 21 U.S.C. § 846. [Record No. 39] On August 30, 2004, Gibson was sentenced to a term of imprisonment of 150 months, to be followed by a term of supervised release of six years. In connection with the sentencing hearing, the United States Probation Office prepared a Presentence Investigation Report (PSI) which concluded that Gibson was a career offender pursuant to United States Sentencing Guideline (USSG) § 4B1.1. This determination was based, in part, on a 1993

conviction for escape, second degree.  [Record No. 58; PSI, ¶¶ 54, 64]  Gibson's corresponding guideline range of imprisonment was determined to be 188 to 235 months.  However, based, in part, on a motion filed by the United States pursuant to USSG § 5K1.1, the Court imposed a sentence below the Defendant's guideline range.  [Record No. 55]

Gibson did not file a direct appeal from the Judgment entered August 30, 2004. However, he did file a pro se motion on February 14, 2006, in which he objected to certain guideline calculations contained in his PSI.  [Record No. 61]  In addition, Gibson argued that his rights were violated because, at the time his sentence was imposed, the United States Sentencing Guidelines were considered binding on the district courts.  On the same date, Gibson filed a separate motion for a downward departure pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.  [Record No. 62]  Through this second motion, the Defendant sought to argue that certain departures should be considered and that his case should be remanded for resentencing.

On February 15, 2006, the Court denied both motions.  [Record No. 63]  As the Court explained,

> Notwithstanding the Defendant's reference to the civil rules, his pleadings were captioned for filing in this criminal matter.  In addition, the Defendant has not attempted to institute a habeas proceeding.  Being sufficiently advised, the Court notes that it does not have jurisdiction to entertain the Defendant's motion or objection.  See Rule 35, Fed. R. Crim. P.

[Record No. 63]

Following the Court's denial of his motions on February 15, 2006, Gibson filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit on February 23, 2006.

[Record No. 64]  On March 16, 2007, the Sixth Circuit affirmed this Court's denial of the

Defendant's motions.  [Record No. 70]  As that court explained,

> A district court may modify a sentence already imposed only in extremely limited
> circumstances. . . .  First, a court may modify a sentence under 18 U.S.C. §
> 3582(c)(1)(A) if the Director of the Bureau of Prisons moves for a reduction on
> certain statutory grounds.  The Director of the Bureau of Prisons did not move for
> a reduction of Gibson's sentence.  Second, a court may modify a sentence under
> § 3582(c)(2) if the relevant guideline range has been lowered by the Sentencing
> Commission.  This provision is also inapplicable to Gibson.  Third, a court may
> modify a sentence under Rule 35 of the Federal Rules of Criminal Procedure.  *See*
> 18 U.S.C. §3582(c)(1)(B).  But Rule 35 authorizes only a sentence reduction on
> the government's motion or a correction of "clear error" within seven days of
> sentencing.  *See* Fed. R. Crim. P. 35.  Because the government did not move to
> reduce Gibson's sentence, the district court's power to alter the sentence expired
> on September 6, 2005.
>
> Contrary to Gibson's argument, Rule 15(c) of the Federal Rules of Civil
> Procedure does not grant the district court jurisdiction to reconsider his motion
> for a downward departure.  Rule 15(c) allows, in certain circumstances, relation
> back of an amendment to a civil pleading.  It does not authorize post-sentence
> reconsideration of a criminal defendant's motion for a downward departure.

[Record No. 70 (citations omitted)]

Gibson did not file further pleadings for over two and one-half years.  However, on

December 18, 2009, he filed a pleading captioned "Motion to Order Relief from Judgment"

seeking relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  [Record No. 81]

And unlike his earlier post-judgment filings, this motion was filed by retained counsel.  Through

this motion, Gibson sought to challenge the determination made at the time of sentencing that

he was a career offender under USSG §4B1.1 according to recent authority from the United

States Supreme Court and the Sixth Circuit.

On December 21, 2009, the Court directed the Defendant to file a memorandum of law addressing two issues: (1) retroactive application of the authorities cited in his motion; and (2) whether the Court had jurisdiction to entertain the motion filed under Rule 60 of the Federal Rules of Civil Procedure. Gibson responded to this Order on December 31, 2009. He argues that, in *Chambers v. United States*, 129 S. Ct. 687 (2009), the Supreme Court created a "new right" which should be applied retroactively. [Record No. 83]   Under *Chambers*, a failure to report does not constitute a "violent felony," as that term is defined in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). 129 S. Ct. at 692. Gibson maintains that he should be resentenced pursuant to the *Chambers* decision. [Record No. 83]  Further, Gibson argues that, even if Rule 60 of the Federal Rules of Civil Procedure is not the appropriate vehicle by which to seek this relief, he should be allowed to amend his motion to include a habeas claim under 28 U.S.C. § 2255. [*Id.*]

The United States concedes that *Chambers* and *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), should be applied retroactively on collateral review.[1]  [Record No. 84] Nevertheless, the government argues that Rule 60 of the Federal Rules of Civil Procedure does not provide relief from criminal judgments. It also contends that Gibson has procedurally defaulted any challenge to his classification as a career offender by not filing a direct appeal and thus cannot properly raise the issue in habeas proceedings. [*Id.*]

---

[1]      In *Begay*, the Supreme Court held that driving under the influence is not a "violent felony" under the Armed Career Criminal Act. *See* 128 S. Ct. at 1588. The *Begay* Court distinguished DUI from crimes involving "purposeful, violent, and aggressive conduct," such as those listed in § 924(e)(2)(B)(ii) of the Act. *Id.* at 1586. The Court's reasoning in *Begay* formed part of the basis for its *Chambers* decision the following year. *See Chambers*, 129 S. Ct. at 691-92.

-4-

Even though the United States wishes to concede the issue of retroactivity, this Court has previously held that *Chambers* and *Begay* should not be applied retroactively. *See United States v. Jones*, No. 6: 04-70-DCR, 2010 U.S. Dist. LEXIS 160 (E.D. Ky. Jan. 4, 2010). However, because the Court agrees that Gibson's motion should be denied notwithstanding the possible retroactivity of these decisions, further discussion of whether retroactive application would be appropriate is unnecessary here.

## II.

Gibson seeks modification of his sentence under Federal Rule of Civil Procedure 60(b), which provides for relief from judgment in civil cases. The Sixth Circuit has noted on numerous occasions that Civil Rule 60 is not applicable in criminal proceedings. *See United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) ("Fed. R. Civ. P. 60(b) does not apply in criminal proceedings."); *Beckett v. United States*, 8 F. App'x 330, 332 (6th Cir. 2001) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings."); *United States v. Napier*, No. 97-1777, 1998 U.S. App. LEXIS 33147, at *5 (6th Cir. Dec. 29, 1998) (same); *United States v. Worthy*, Nos. 97-3377/97-3687, 1998 U.S. App. LEXIS 5540, at *2 (6th Cir. Mar. 18, 1998) ("Rule 60(b) is a rule of civil procedure that is not applicable in a criminal proceeding."). This Court has also held that Rule 60 is not the appropriate means by which to challenge a criminal sentence. *See United States v. Brown*, No. 6: 05-70-DCR, 2008 U.S. Dist. LEXIS 62553, at *2-*3 (E.D. Ky. 2008). Therefore, it is clear that Gibson's motion cannot be granted on this basis.

Anticipating a finding that Rule 60 will not provide the relief sought, Gibson also seeks to amend his motion to include a habeas claim under 28 U.S.C. § 2255. [Record No. 83] However, the United States contends that Gibson would not be entitled to relief under § 2255 because he procedurally defaulted any challenge to his classification as a career offender by failing to raise the issue on direct appeal. [Record No. 84] The Court agrees.

Generally, an issue has been procedurally defaulted and may not be attacked in habeas proceedings if it was not raised on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). The Supreme Court has created exceptions to this rule for defendants who can demonstrate cause and prejudice or actual innocence. *Id.* at 622. While Gibson's counsel noted at sentencing that Gibson's escape charge was merely a failure to report and did not involve any violence, Gibson does not contend, nor does the record reflect, that he raised this issue on appeal. [*See* Record Nos. 70, 83] Thus, this issue is procedurally defaulted and is not subject to challenge under § 2255 unless Gibson can show that he is actually innocent or that there is cause for his procedural default. *See Bousley*, 523 U.S. at 622. As will be explained below, he cannot make such a showing. Thus, amendment of his motion to seek habeas relief would be futile.

Gibson's argument for resentencing is premised on the existence of a previously unavailable legal basis for his claim that second-degree escape is not a "crime of violence" for purposes of the sentencing guidelines. In other words, he contends that until *Begay* and *Chambers* were decided, he could not have challenged his sentence on this basis. The Supreme Court has held that truly novel arguments may provide cause for procedural default. *Bousley*, 523 U.S. at 622. However, an argument that has been made numerous times before does not

-6-

qualify as novel under this exception. *Id.* n.2 ("'[W]here the basis of a . . . claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.'" (quoting *Engle v. Isaac*, 456 U.S. 107, 134 (1982)) (omission in original)). The classification of escape offenses as violent crimes had been litigated repeatedly within the Sixth Circuit and elsewhere prior to Gibson's sentencing. *See United States v. Ford*, 560 F.3d 420, 423 (6th Cir. 2009) (listing Sixth Circuit cases); *Chambers*, 129 S. Ct. at 690 (noting circuit split as to whether failure to report constituted "violent felony"). Case law demonstrates that the argument is not a novel one.

Furthermore, it is of no moment that at the time Gibson was sentenced, Sixth Circuit precedent was clear that any form of escape was considered a "crime of violence" under the sentencing guidelines. *See Ford*, 560 F.3d at 423 (noting that prior to the *Chambers* decision, the Sixth Circuit viewed "all escape offenses – from a failure to report at one end of the spectrum to a breakout at the other – [as] crimes of violence"); *Bousley*, 523 U.S. at 623. The Supreme Court has "clearly stated . . . [that] 'futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623 (quoting *Engle*, 456 U.S. at 130 n.35) (other internal quotation omitted). Thus, Gibson's failure to pursue this issue on direct appeal is not excused by the status of Sixth Circuit law at the time he was sentenced.

Likewise, his claim may not be saved by the "actual innocence" exception to the procedural default rule. This exception applies to "actual innocence of the underlying,

substantive offense, not innocence of a sentencing factor." *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) (citing *Rumler v. Hemingway*, 171 F. Supp. 2d 705, 709 (E.D. Mich. 2001), *aff'd*, 43 F. App'x 946 (6th Cir. 2002); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)) (internal quotations omitted). As a result, it is inapplicable to the present case as any claim of actual innocence would relate not to the drug-conspiracy charge underlying the sentence Gibson seeks to challenge, but to his 1993 conviction for escape in the second degree. *See id.*

## III.

In summary, Gibson's sentence cannot be modified or amended under Federal Rule of Civil Procedure 60(b) because that rule does not apply to criminal proceedings. Moreover, amendment of his motion to seek relief under § 2255 would be futile because he procedurally defaulted his claim and cannot demonstrate cause for the procedural default or actual innocence. Accordingly, it is hereby

**ORDERED** that Gibson's Motion to Order Relief from Judgment [Record No. 81] is **DENIED**.

This 8th day of February, 2010.



Signed By:

*Danny C. Reeves* DCR

United States District Judge